IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

TERRANCE OLIVER #739573              §

v.                                  §        CIVIL ACTION NO. 6:06cv286

TRAVIS MORRIS, ET AL.               §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Terrance Oliver, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge conducted an evidentiary hearing on January 25, 2007.  At this hearing and in his complaint, Oliver says that he was removed from safekeeping status due to a report, which he says is erroneous, that he was involved in an extortion ring.  After his removal, he was stabbed by another inmate and taken to the infirmary, where Lt. Warren interfered with his medical care and refused to investigate the incident.

After review of the pleadings, testimony, and records, the Magistrate Judge issued a Report on February 23, 2007, recommending that the lawsuit be dismissed.[1]  The Magistrate Judge first stated that Oliver had no liberty interest in his classification status, and that his removal from safekeeping was done in reliance on the investigation which found that Oliver was involved in an

---

[1]The Magistrate Judge took Oliver's pleadings and testimony as true, and disregarded any aspect of the TDCJ records or the prison officials' testimony at the Spears hearing which contradicted Oliver's assertions.

1

extortion ring.  Moreover, the actual removal from classification status was done by the State Classification Committee, not any of the named Defendants in the lawsuit.

With reference to Oliver's complaint about the investigation regarding the alleged extortion, the Magistrate Judge determined that the fact that the investigating officer may have believed persons other than Oliver in the course of his investigation did not set out a constitutional claim.  The Magistrate Judge also concluded that to the extent that Oliver complained of retaliation by the investigating officer, such claim likewise lacked merit.

The evidence reviewed by the Magistrate Judge showed that Oliver had suffered a pinpoint puncture wound as a result of the stabbing, Lt. Warren would not allow the nurse to examine or clean it, Warren threw away some letters which Oliver possessed, and Warren told the nurse that Oliver had not been injured and to discard her report.  In addition, after the stabbing, Warren told Oliver to "be a man" and to return to his cell from the infirmary.  The Magistrate Judge properly concluded that this evidence "clearly bespeaks improper behavior" on the part of Lt. Warren.

However, the Magistrate Judge then turned to the question of whether this improper behavior rose to the level of a violation of the Constitution or laws of the United States.  While Warren sought to interfere with the medical care which Oliver received, the wound which he had suffered was a superficial pinpoint wound, which is not a serious injury.  The Magistrate Judge said that the fact that Warren did not investigate the stabbing is not a constitutional violation because Oliver had no right to such an investigation, and also did not suffer harm from the lack of investigation in that he was transferred from the Michael Unit a few days later.  The fact that Warren talked to Oliver in harsh and abusive language, and threw away his letters, also does not rise to a constitutional violation.

Finally, the Magistrate Judge observed that Oliver's claims that the prison records were incorrect did not set out a constitutional violation because these claims did not implicate any constitutionally protected liberty or property interests. The Magistrate Judge therefore recommended that Oliver's lawsuit be dismissed.

Oliver filed objections to the Magistrate Judge's Report on March 12, 2007.  In his objections, he says first that at the hearing, Nurse Barbara Hughes testified that there was nothing in Oliver's medical records about a stab wound, but that Nurse McKnight confirmed to Warren that Oliver had in fact been stabbed.  He says that had McKnight, rather than Hughes, been present, the discrepancy would have been cleared up.

However, there is no discrepancy.  As Nurse Hughes testified, Oliver's clinic notes contain no mention of the incident.  Another document, outside of the clinic notes, shows McKnight's observation that Oliver had suffered a superficial pinpoint wound, and McKnight's written statement, to which the Magistrate Judge referred, reflects this fact.  Oliver has failed to show any error, and so his objection on this point is without merit.

Second, Oliver objects to the Magistrate Judge's conclusion that his claim that Warren interfered with his medical care did not set out a constitutional violation.  While there appears to be no dispute that Warren did interfere with Oliver's medical care, the Magistrate Judge accurately set out the proper legal standard, which is that interference with medical assistance by security officers may state a valid claim if the interference amounts to deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  In this case, Oliver has not shown that he suffered a serious medical need; instead, the evidence shows that the stabbing had resulted in a superficial pinpoint wound for which no treatment other than cleaning was needed.  This is not a "serious medical need," and so the Magistrate Judge did not err in concluding that Warren's interference, while improper, was not a constitutional violation. Oliver's objection on this point is without merit.

Third, Oliver complains that the Magistrate Judge was in error by determining that Warren's ordering him back to his cell after the stabbing was not a constitutional violation.  He says that prison officials are obligated to protect inmates from assaults from other inmates.  However, Oliver has not shown any harm from the fact that he was ordered back to his cell after the stabbing.  As the Magistrate Judge noted, Oliver was transferred to a different unit a few days after the stabbing, and

Oliver makes no showing of any harm which came to him as a result of being told to return to his cell after being stabbed.  In the absence of any harm resulting from the order to return to his cell, Oliver has not set out a viable claim on this point, and so his objection on this basis is without merit.

The Court has conducted a careful *de novo* review of the pleadings and evidence in this cause, including the testimony at the Spears hearing, the TDCJ records (to the extent that these records did not contradict Oliver's pleadings and testimony), the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  Such dismissal is without prejudice to any claims which Oliver may have which resulted from incidents occurring at the Hughes Unit of TDCJ-CID.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 20th day of March, 2007.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4